**Lawrence D. Rouse, Esq.**                                    ECF Filed 10/26/10
Nevada Bar No. 004369
LAWRENCE D. ROUSE, LTD
523 South Eighth Street
Las Vegas, Nevada 89101
(702) 387-1800
rouselaw@aol.com
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In the matter of: | ) | Case No. BK-S 10-25811BAM |
|---|---|---|
|  | ) | Chapter 13 |
| KELLY LEE DOUGLAS | ) |  |
|  | ) | Date:   11/22/10 |
|  | ) | Time:   3:00 p.m. |
| Debtor(s) | ) |  |
| _____ ) | | Trustee: Rick A. Yarnall |

**MOTION TO VALUE COLLATERAL LOCATED AT 2681 BATELLI COURT, LAS VEGAS, NV 89121, "STRIP OFF" AND MODIFY RIGHTS OF THE SECOND TRUST DEED HELD BY AMERICAN GENERAL FINANCIAL SERVICES, INC., PURSUANT TO 11 U.S.C. SECTIONS 506(a) AND 1322**

COMES NOW, the debtor, Kelly Lee Douglas, (hereinafter the "debtors"), by and through counsel, and hereby moves this Court to Value Collateral Located at 2681 Batelli Court, Las Vegas, NV 89121, "Strip Off" and Modify the rights of the Second Trust Deed held by American General Financial Services, Inc. (the "creditor") pursuant to 11 U.S.C. Section 506(a) and Section 1322, and Bankruptcy Rules 3012 and 9014.

In support of this motion, debtor states:

1. Debtors filed the above-referenced Chapter 13, bankruptcy case on August 20, 2010.

2. On the petition date, the debtor owned real property located at 2681 Batelli Court, Las Vegas, NV 89121 (the "property").

3. The legal description and assessor's parcel number of the subject property is:

   Lot 8 in Block "A" of MT. LEBANON VILLAS, as shown by map thereof on file in Book 52 of Plats, Page 86 and amended by Certificate of Amendment recorded June 17, 1992 in Book 920617 instrument No. 00858 in the office of the County Recorder of Clark County, Nevada. Together with interest in and to the common areas..

   APN:    162-24-214-005

4. The fair market value of the subject property is $152,600.00. Value was determined by Lawyers Title Property Profile Report on 1/26/10. Reference Exhibit "A" attached hereto.

5. At the time of the filing of debtor's petition, the subject property was subjected to the following liens:

   CitiMortgage, Inc. (first deed of trust) $173,373.64. Reference Proof of Claim #2-1 filed 09/16/10 is attached hereto as Exhibit "B".

   American General Financial Services, Inc. (second deed of trust) $108,315.00. Creditor has not filed their Proof of Claim as of the date of the filing of this motion. Balance due creditor is referenced on the Consumer Liability Credit Report dated 7/1/10 and is attached hereto as Exhibit "C".

   On the date the above-stated bankruptcy was filed, the claim of the creditor was wholly unsecured, and if the property was sold at auction that party would receive nothing.

6. Accordingly, the debtor requests this court find that the claim of the creditor is unsecured and should be reclassified as a general unsecured claim to receive pro rata distribution with other general unsecured creditors through the debtor's Chapter 13 plan.

**LEGAL ARGUMENT**

In *In re Zimmer,* 313 F3.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. Section 506 (1), despite the anti-modification language in Section 1322(b)(2). Specifically, the Court held:

"Section 506(a) divides creditor's claims into "secured…claims" and "unsecured claims. "Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, Section 506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest… is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property… and is an unsecured claim to the extent that the value of such creditor's interest… is less than the amount of such allowed claim."

To put more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is a term of art and not every claim that is secured by a lien on property will be considered a "secured claim".

In this case it is clear that the creditor's claim for the repayment is an unsecured claim because it's…deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the subject property.

Since the creditor's claim is wholly unsecured (in that there is no equity above amount of the deed of trust lien first mortgage on the subject property), the debtor request this Court reclassify the creditor's claim to that of a general unsecured creditor, to be paid pro rata with like unsecured creditors. Additionally, Debtor requests this Court strip the creditor of its secured rights under state law since no maintainable security interest in the subject property exists.

The debtor additionally requests that, upon Court approval, and upon recordation of the order granting this motion in the Office of the County Recorder of Clark County, Nevada, along with a copy of the order of discharge under 11 U.S.C Section 1328(a) or (b), the lien of the

creditor shall be deemed to be canceled and expunged from the public record. Finally, Debtor is not required to file an adversary proceeding to achieve the requested relief herein. Debtor may bring a motion "strip off" the creditor's consensual lien by motion.

See *In re Williams*, 166 B.R. 615 (Bankr. E.D. Va.1994), *In re Fuller*, 255 B.R. 300 (Bankr.W.D.Mich. 2000), *In re Hoskins* 262 B.R.693(Bakr. E.D. Mich. 2001), *In re King*, 290 B.R. 641 (Bankr. C.D.III. 2003), *In re Millspaugh*, 302 B.R.90 (Bakn.D. Idahp2003), *Dickey v. Ben.Fin (In re Dickey)* 293 B.R. 360 (Bank. M.D.Pa.2003), *In re Hill* 304 B.R.800 (Bankr. S.D. Ohio2003), *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla2003), *In re Fisher*, 289 B.R. 544 (BakrW.D.N.Y.2003), *In re Robert*, 313 B.R. 843 (Bankr.W.D.Ky.2004).

Wherefore, Debtor prays this Court:

1. Strip off" and extinguish the wholly unsecured lien of American General Financial Services, Inc.'s second trust deed pursuant to 11 U.S.C. Section 506(a) and 1322;

2. Reclassify creditor's claim as general unsecured claim to be paid pro rata with claims of other general unsecured creditors through Debtor's Chapter 13 plan;

3. Order that, upon recordation of a copy of the order granting this motion in the Office of the County Recorder of Clark County, Nevada, along with a copy of the order of discharge under 11 U.S.C. Section 1328(a) or (b), the lien of the above-stated creditor on the above-described real property shall be deemed to be canceled and expunged from the public record.

4. For such other relief the Court finds appropriate.

                                            Respectfully Submitted,

10/26/10                                       /S/LAWRENCE D. ROUSE, ESQ.
Date                                           Lawrence D. Rouse, Esq.
                                              Attorney for Debtor(s)

**Lawrence D. Rouse, Esq.**
Nevada Bar No. 004369
LAWRENCE D. ROUSE, ESQ.
523 South Eighth Street
Las Vegas, NV 89101
(702) 387-1800
rouselaw@aol.com
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In the matter of: | ) | Case No. BK-S 10-25811BAM |
| | ) | Chapter 13 |
| Kelly Lee Douglas | ) | |
| | ) | Date:   11/22/10 |
| | ) | Time:   3:00 p.m. |
| Debtor(s) | ) | |
| | ) | Trustee: Kathleen A. Leavitt |

ORDER ON MOTION TO VALUE COLLATERAL AND MODIFY
RIGHTS OF AMERICAN GENERAL FINANCIAL SERVICES,  INC.
PURSUANT TO U.S.C. §§ 506(a) AND 1322

The motion of the above-stated debtor to value collateral and modify the rights of

AMERICAN GENERAL FINANCIAL SERVICES, INC. (sometimes referred to as "the

creditor") with regard to its wholly unsecured second trust deed on debtors below-described

property having come on regularly for hearing at the above-stated date and time, counsel appearing on behalf of the debtor, proper notice having been given and no opposition being filed by the Trustee or by any creditors, the Court having heard the representations of counsel, and having reviewed the motion and exhibits on file herein, good cause appearing therefore and the Court concluding that the debtor is entitled to the relief requested as a matter of law, the Court finds as follows:

1. The debtor is the owner of the real property and improvements situated in Clark County, Nevada commonly known as 2681 Batelli Court, Las Vegas, NV 89121 (the "property").

The legal description and assessor's parcel number of the property are as follows:

> Lot 8 in Block "A" of MT. LEBANON VILLAS, as shown by map thereof on file in Book 52 of Plats, Page 86 and amended by Certificate of Amendment recorded June 17, 1992 in Book 920617 instrument No. 00858 in the office of the County Recorder of Clark County, Nevada. Together with interest in and to the common areas.
>
> APN: 162-24-214-005

2. The fair market value of the subject property as of the filing date of the Chapter 13 petition was $152,600.00.

3. On the filing date of the Chapter 13 petition, the liens or security interests held by creditors having priority over the interest of the creditor AMERICAN GENERAL FINANCIAL SERVICES, INC., in the property exceed the value of the property; and, therefore the subordinate mortgage claim against the property held by the creditor is wholly unsecured.

IT IS HEREBY ORDERED and ADJUDGED that AMERICAN GENERAL FINANCIAL SERVICES, INC's secured claim is "stripped off" and shall be treated as a "general unsecured claim" pursuant to 11 U.S.C. §§506(a) and 1322; and

IT IS FURTHER ORDERED, and ADJUDGED that upon issuance of an order of discharge under 11 U.S.C. §1328 (a) or (b) in this case and, upon recordation of a copy of this order in the office of the County Recorder of Clark County, Nevada, along with a copy of the order of discharge, the lien of the above-stated creditor on the above-described real property shall be deemed to be cancelled and expunged from the public record.

Submitted by:                                                                                   Approved/Disapproved

/s/Lawrence D. Rouse, Esq.
LAWRENCE D. ROUSE, ESQ.                                             Rick A. Yarnall
Attorney for Debtors                                                              Chapter 13 Trustee

ALTERNATIVE METHOD re: RULE 9021:

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

   ___      The Court has waived the requirement of approval under LR 9021.

   _X_     This is a chapter 7 or 13 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below:

   ___      This is a chapter 9, 11 or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

   ___      I certify that I have served a copy of this order with the motion and no parties appeared or filed written objections.

                             APPROVED      DISAPPROVED      NO RESPONSE

CHAPTER 13 TRUSTEE:
Rick A. Yarnall                      X
701 Bridger Avenue
Suite #820
Las Vegas, NV 89101

ATTORNEY FOR DEBTOR:      X
Lawrence D. Rouse, Esq.
523 S. Eighth Street
Las Vegas, NV 89101

I declare under penalty of perjury, under the laws of the State of Nevada, that the foregoing is true and correct.

                                              /s/Lawrence D. Rouse, Esq.
                                              LAWRENCE D. ROUSE, ESQ.
                                              Attorney for Debtors

                                                    # # #